UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HERNAN SOSA LOPEZ (A No. 245 296 774), | No.  1:26-cv-1417 DJC CKD P |
| Petitioner, | |
| v. | |
| WARDEN, MESA VERDE ICE DETENTION FACILITY, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Mesa Verde ICE Detention Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  This action proceeds on the amended petition filed March 20, 2026.  For the reasons which follow, the court recommends that the amended petition be granted.

I. Facts

Petitioner is a native and citizen of Venezuela.  ECF No. 18-1 at 1.  He entered the United States near Eagle Pass, Texas, without authorization on September 27, 2023.  ECF No. 18-2 at 4. Petitioner was found inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), released on his own

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

recognizance.  ECF No. 18-2 at 1.  Petitioner was ordered to report for an interview with a deportation officer on November 29, 2023, in Charlotte.  Id.   Petitioner was also ordered to appear for immigration proceedings on April 23, 2025, in Charlotte.  ECF No. 18-3.  Petitioner was given other conditions of release including that he not change his residence without written permission.  ECF No. 18-3.

Petitioner was arrested in San Francisco on December 21, 2025.  ECF No 18-1 at 1.  After the arrest, officers learned that while petitioner has no criminal history, ECF No. 18-1 at 2-4, he did not report as ordered in Charlotte and that his move to San Francisco was not authorized.  ECF No. 18-1 at 4.  Petitioner has been in custody since he was arrested.  ECF No 1 at 5.  The status of petitioner's removal proceedings is not clear.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Issues and Analysis

Petitioner claims respondents have not complied with a declaratory judgement issued in the Central District in class action Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM by failing to provide petitioner a bond hearing as required under 8 U.S.C. § 1226(a).  Maldonado Bautista does not apply in this case because, on March 6, 2026, the Ninth Circuit stayed application of the decision outside of the Central District.  No. 26-1044, ECF No. 5 at 1.  However, the court agrees that petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a).

Respondent claims petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). As the court recently held in Puac v. Warden, Cal. City ICE Det. Facility, No 1:26-cv-1388 TLN CKD P, 2026 WL 1133274, *2 (E.D. Cal. April 27, 2026), 8 U.S.C. § 1226, rather than § 1225, applies to individuals such as petitioner who were arrested inside the United States as opposed to at the border around the time of entry.  Accord Fernandez Alvarez v. Warden, Fed. Det. Cntr. Miami, No. 25-14065, 2026 WL 1243395, *18 (11th Cir. May 6, 2025) ("§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior"); Barbosa da Cunha v. Freden, No. 25-3141-pr, 2026 WL 1146044, at *2, 3 (2nd Cir. Apr. 28, 2026) (8 U.S.C. § 1226(a) governed petitioner's detention where petitioner was arrested within the interior of the United States after living here for over twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)").  But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings.  After arrest, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2).  If the arrestee wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).  By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights.

The court has held that aliens who had been released into the country, never charged with a crime and not subject to a final order of removal were entitled to release because of ICE's failure to provide a bond hearing at or around the time of arrest.  E.g. Malla v. Warden, Golden State Annex ICE Det. Fac., No. 1:26-cv-2402 DAD CKD P, 2026 WL 1102941 (E.D. Cal. April 23, 2026).  Petitioner's situation is distinguishable as it appears petitioner made no attempt to

3

comply with reporting requirements, which were terms of petitioner's release, nor the requirement that he not move from Charlotte without permission. Petitioner's failure to abide by the reporting and location requirements at least presents the possibility that petitioner is a flight risk. Given the government's strong interest in removing persons in the country in violation of the law, and the possibility that petitioner is a flight risk if released, the appropriate remedy here is not outright release, but a bond hearing where flight risk and dangerousness can be assessed. See Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing, as opposed to release where government may have a legitimate interest in petitioner's detention based upon facts underlying arrest for aggravated battery).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's amended petition for a writ of habeas corpus (ECF No. 16) be GRANTED.

2.  Within 7 days of the adoption of these findings and recommendations, petitioner be provided with a bond hearing before an immigration judge where petitioner is entitled to release if he can establish he is neither a flight risk nor a risk to the community.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 19, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sosa1417.imm.frs

4